```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF UTAH
```

| | |
|---|---|
| PAVEL MARK KISLYAK,<br><br>         Plaintiff,<br><br>   v.<br><br>JUDGE SHEILA MCCLEVE et al.,<br><br>         Defendants. | **MEMORANDUM DECISION & ORDER TO<br>    AMEND DEFICIENT COMPLAINT**<br><br>Case No. 2:11-CV-359 CW<br><br>District Judge Clark Waddoups |

    Plaintiff, Pavel Mark Kislyak, filed this *pro se* civil rights suit.[1]  Plaintiff was allowed to proceed *in forma pauperis*.[2]  Reviewing the complaint under § 1915(e), the Court has determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Complaint

    Complaint:

(a)   brings civil-rights claims against Plaintiff's defense attorneys and family members, as well as Gateway Mall security and Grand America Hotel, who are not state actors.

(b)   brings claims against Judge Sheila McCleve without addressing her judicial immunity.

(c)   names different defendants in the caption than are listed in the text of the complaint.

(d)   provides insufficient detail regarding his conspiracy claim.

---

[1] *See* 42 U.S.C.S. § 1983 (2012).

[2] *See* 28 *id.* 1915.

(e)  improperly names Salt Lake County Jail as a defendant as the jail cannot be sued in its own name.

### Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."[3]  The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."[4]

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."[5]  Moreover, "it is not the proper function of the Court to assume the role of advocate for a

---

[3] Fed. R. Civ. P. 8(a).

[4] *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).

pro se litigant."[6]  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."[7]

Plaintiff should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.[8]  Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.[9]  "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'"[10]  Third, Plaintiff cannot name an individual as a defendant based solely on his or her supervisory position, otherwise known as a theory of respondeat superior.[11]  And, fourth, Plaintiff is warned that litigants who have had three *in*

---

[6]*Id.* at 1110.

[7]*Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

[8]*See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).

[9]*See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action).

[10]*Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

[11]*See Mitchell v. Maynard*, 80 F.3d 1433, 1441, (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983).

*forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Also, Plaintiff has named private citizens as defendants. "[T]o prevail on a § 1983 claim alleging a deprivation of constitutional rights, a plaintiff must show that he was injured as a result of state action.  Thus, private conduct, 'no matter how discriminatory or wrongful,' may not be redressed by a § 1983 claim."[12]

Moreover, Plaintiff should keep in mind that it is well settled that judges "are absolutely immune from suit unless they act in 'clear absence of all jurisdiction,' meaning that even erroneous or malicious acts are not proper bases for § 1983 claims."[13]  Regarding the claims at issue here, Judge McCleve may have been acting in her judicial capacity in presiding over this case, so her actions would be entitled to absolute immunity.[14]

Finally, as to Plaintiff's conspiracy claim, he "must specifically plead 'facts tending to show agreement and concerted

---

[12]*Read v. Klein*, No. 99-5058, 1001 U.S. App. LEXIS 334, at *13 (10th Cir. Jan. 9, 2001) (citations omitted) (unpublished).

[13]*Segler v. Felfam Ltd. P'ship*, No. 08-1466, 2009 U.S. App. LEXIS 10152, at *4 (10th Cir. May 11, 2009) (unpublished) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978)).

[14]*See Doran v. Sanchez*, No. 08-2042, 2008 U.S. App. LEXIS 17987, at *2 (10th Cir. Aug. 19, 2008) (unpublished).

action.'"[15]  Plaintiff has not met this responsibility in his current complaint; his vague assertions that multiple people were involved in denying him certain constitutional rights, and, therefore, a conspiracy must be involved, are not enough.  He must assert more detail to pursue this claim further.

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide.

(3) If Plaintiff fails to timely cure the above deficiencies according to the instructions here, this action will be dismissed without further notice.

(4) For the same reason cited in its last order[16] denying Plaintiff's earlier motion for appointed counsel, Plaintiff's motion for appointed counsel is DENIED.[17]  No further motions of this nature shall be accepted.  The Court will, on its own,

---

[15]*Beedle v. Wilson*, 422 F.3d 1059, 1073 (10th Cir. 2005) (quoting *Sooner Prods. Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983)).

[16](*See* Docket Entry # 12.)

[17](*See* Docket Entry # 14.)

continue to consider the possibility of appointing counsel as it deems necessary.

(5) Plaintiff's motions to obtain state and federal records are DENIED as premature.[18] Discovery is not warranted as yet, when there is no adequate complaint on file.

(6) Plaintiff's motion to appoint the U.S. Marshal, which the Court construes as a motion for service of process,[19] and his motion for an extension of time on issuance of summonses,[20] are DENIED as premature. There is no adequate complaint on file to be served. In any case, the Court will decide when to order service, if necessary, without further prompting from Plaintiff.

(7) Plaintiff's motion to change judges is DENIED.[21] He has provided no reasoned analysis to support such an action.

DATED this 13th day of February, 2012.

BY THE COURT:

/s/ Clark Waddoups
_____
JUDGE CLARK WADDOUPS
United States District Court

---

[18] (*See* Docket Entry #s 6 & 7.)

[19] (*See* Docket Entry # 13.)

[20] (*See* Docket Entry # 16.)

[21] (*See* Docket Entry # 15.)